UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IRINA ZAMFIR,

                        Plaintiff,

-against-

Claim No, _____

**COMPLAINT**

NEW YORK CITY POLICE DEPARTMENT,
THE CITY OF NEW YORK, POLICE
OFFICER DETECTIVE STEPHEN DIMASSA,
POLICE OFFICER CAPTAIN SCOTT
WEISBERG,  MARYLOU MALCZEWSKI, and
JOHN DOES 1- 10.

**JURY TRIAL DEMANDED**

                      Defendants.

## INTRODUCTION

Plaintiff IRINA ZAMFIR (hereinafter referred to as "Ms. Zamfir") by and through her undersigned counsel, Richard A. Luthmann, Esq. of the Luthmann Law Firm, PLLC, as and for her Complaint in the action against Defendants NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD"), THE CITY OF NEW YORK, POLICE OFFICER DETECTIVE STEPHEN DIMASSA (hereinafter referred to as "DIMASSA"), POLICE OFFICER CAPTAIN SCOTT WEISBERG (hereinafter referred to as "WEISBERG") and MARYLOU MALCZEWSKI (hereinafter referred to as "MALCZEWSKI"), hereby alleges as follows:

## NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights,

privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983.

2.     Boiled down, this is a case where several law enforcement officers have breached the public trust and broken the law by re-fashioning the shield of the NYPD into a sword to be used for their own personal gain and the gain of their relatives, impermissibly using the color of law as their own personal instrument to affect domestic relations and to cause an innocent woman to be arrested and face prosecution based - not upon probable cause or any legal standard – but based upon the law enforcement officers' personal and familial relationships.

## JURISDICTION

3.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

4.     As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## PARTIES

5.     Plaintiff was and at all times material herein a resident of the County of Richmond and the State of New York.

6.     At all relevant times, defendants DIMASSA and WEISBERG (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant NYPD.

7.     At all relevant times, defendant WEISBERG is a relative of defendant MALCZEWSKI.

8.     At all relevant times, defendant MALCZEWSKI is the ex-wife of plaintiff's current fiancé.

9.     At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

10.     At all relevant times, the defendant City of New York, through the defendant New York City Police Department, was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

11.     Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

## FIRST CLAIM: 42 U.S.C. § 1983

12.     In or about April, 2013, defendant MALCZEWSKI placed several harassing phone calls to the plaintiff, using various racial and ethnic slurs.

13.     In or about June, 2013, plaintiff was the target of racial and ethnic discrimination by defendant MALCZEWSKI through text messages defendant MALCZEWSKI sent.

14.     In or about June, 2013, defendant MALCZEWSKI appeared at plaintiff's house acting irrationally and frantically searching for plaintiff.

15.     In or about July, 2013, defendant MALCZEWSKI telephoned plaintiff's place of employment impersonating her ex-mother in law (Grace Malczewski) and fraudulently reported that plaintiff was committing illegal acts during company time.  As a result of this call, corporate security initiated an investigation, telephoned Grace Malczewski, and found no wrongdoing on the part of the plaintiff.

16.     In or about December, 2013, plaintiff was the target of racial and ethnic discrimination, violent threats and statements defaming her character by defendant MALCZEWSKI through text messages defendant MALCZEWSKI sent.

17.     In or about December, 2013, plaintiff was compelled to retain an attorney to address the behavior of defendant MALCZEWSKI.  Plaintiff's attorney forwarded a letter of representation to defendant MALCZEWSKI's attorney.  Said letter yielded no results.

18.     On or about January 6, 2014, defendant MALCZEWSKI appeared at plaintiff's house and vandalized plaintiff's fiancé's car that was in the plaintiff's driveway.

19.     On or about January 13, 2014, plaintiff's attorney forwarded a follow-up letter to defendant MALCZEWSKI's attorney regarding defendant MALCZEWSKI's continued abuse of plaintiff.  Unfortunately, this letter yielded no results.

20.     In or about January, 2014, defendant MALCZEWSKI again telephoned plaintiff's place of employment, this time impersonating a physician, and fraudulently reported that plaintiff was engaging in inappropriate sexual activity related to the office setting.

21.     On or about January 17, 2014, defendant MALCZEWSKI telephoned plaintiff and threatened to have her fired from her employment, and further, threatened her life.  At that time plaintiff filed an incident report at the 67th Precinct in Brooklyn, New York.  Said report yielded no results on behalf of the plaintiff.

22.     On or about January 31, 2014, at the Heartland Shopping Center in the County of Richmond, City and State of New York, defendant MALCZEWSKI physically assaulted plaintiff, stole plaintiff's cell phone and used her son as a shield when attacking plaintiff, causing severe and serious injuries and harm.

23.     On or about January 31, 2014, plaintiff called 911 and the 121st Precinct responded, plaintiff filed a police report regarding the attack by defendant MALCZEWSKI.

24.     On or about January 31, 2014, defendant appeared at the 121st Precinct and filed a fraudulent report indicating that plaintiff had appeared at the school of the minor children of defendant MALCZEWSKI and allegedly attacked her.

25.     On or about February 22, 2014, defendant MALCZEWSKI was arrested for the assault on plaintiff.  Defendant MALCZEWSKI was arraigned on charges of Disorderly Conduct (PL 240.20; Assault in the 3rd Degree (PL 120.00); and Harassment in the 2nd Degree (240.26).

26.    At no point in time was plaintiff granted an Order of Protection, despite numerous requests by plaintiff, who was the victim.

27.    Throughout the next sixteen months, defendant MALCZEWSKI continued to harass plaintiff, by improper and outrageous contact through third parties.

28.    On or about July 21, 2015, defendant MALCZEWSKI was granted a conditional discharge of all charges, without any Order of Protection issued to the plaintiff, the victim in this matter.

29.    In or about August 2015, defendant MALCZEWSKI made another fraudulent report with the NYPD, at the 122 Pct., where her cousin defendant WEISBERG is stationed, this time stating that plaintiff threatened to 'make her children disappear'.

30.    On or about September 4, 2015, defendant DIMASSA telephoned plaintiff's fiancé and threatened to "if plaintiff does not come in and surrender the next day, that he would break down the door of her house or follow her when she is driving and pull her over and arrest her".  When defendant DIMASSA was informed that plaintiff was unable to secure an attorney due to the Labor Day holiday weekend, defendant DIMASSA replied that "she doesn't need a lawyer".

31.    On or about September 5, 2015, defendant officers, acting in concert and without cause, arrested plaintiff when she surrendered herself to their care.

32.    On or about September 5, 2015, acting in response to the familial relationship between defendant WEISBERG and defendant MALCZEWSKI, defendant officers arrested the plaintiff.

33.     Plaintiff surrendered to the NYPD-122nd Precinct for arrest processing after which time the plaintiff was issued a Desk Appearance Ticket ("DAT").

34.     Plaintiff however had not committed any crime or offense against the laws of New York City and/or State for which any arrest may have been lawfully made.

35.     While at the precinct, plaintiff was interrogated by defendant officers who kept asking her to provide them with information concerning threats made against her fiancé's children.

36.     At the time of the arrest, defendant officers seized and/or appropriated to themselves several of plaintiff's property.

37.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the search, arrest and assault described herein knew and was fully aware that the search was illegal and that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

38.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

39.     As a result of the aforesaid actions by defendant officers, plaintiff suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation, loss of earned vacation and personal time, as well as potential employment advances and opportunities.

7

40.     On or about November 6, 2015, plaintiff appeared to answer the DAT and she was arraigned and charged with Harassment in the 2nd Degree (PL 240.26) and Aggravated Harassment in the 2nd Degree (PL 240.30).

41.     Eventually, after multiple court appearances, on April 8, 2016, the false charges levied against plaintiff were summarily dismissed.

42.     The conduct of defendant officers, as described herein, amounted to false arrest, malicious abuse of process, failure to intervene, unreasonable detention, abuse of authority, unlawful taking of private property, pattern of harassment, conspiracy, discrimination, overvictimization, selective enforcement, fabrication of evidence, denial of equal protection of the laws, denial of right to a fair trial, denial of due process rights and malicious prosecution.

43.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

44.     Consequently, plaintiff has been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SECOND CLAIM:
## FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY
## (AGAINST DEFENDANT NYPD)

45.     By this reference, plaintiff incorporates each and every allegation and averment set forth in the paragraphs above as though fully set forth herein and further states as follows.

46.     Defendant NYPD had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest, and has failed to promulgate, put into effect and monitor the enforcement of appropriate rules to ensure that invalid warrants are promptly vacated.

47.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

48.     Upon information and belief, many of the named individual defendants have a lengthy substantiated history of police misconduct, fraud and dishonesty. Further, many of the named individual defendants are named defendants in numerous lawsuits in this district and in the Southern District of New York alleging similar claims as those alleged herein -- many of which lawsuits have been settled by defendant NYPD with said defendant making substantial monetary payments to the plaintiff in the said lawsuits.

49.     In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-122nd Precinct -- as the named individual defendants -- routinely perform warrantless searches and make unlawful arrests charging innocent persons with various crimes and/or offenses.

50.     Most of the arrests and charges made by officers assigned to the NYPD-122nd Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

51.     Defendant NYPD has settled numerous lawsuits brought in this district against several officers assigned to the NYPD concerning similar arrests and charges as those described herein. See, e.g., *Shamarlon Villafana v. City of New York* (13 CV 3591); *Anderson Charles v. City of New York* (13 CV 2546); *Latisha Thomas v. City of New York* (12 CV 5061); *Cymantha Holly v. City of New York* (12 CV 4323); *Nicholls Olwyn v. City of New York* (08 CV 2098).

52.     Defendant maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

53.     The actions of defendants, acting under color of State law, deprived plaintiff of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, racial profiling, the excessive use of force and the right to due process.

54.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

### THIRD CLAIM: 42 U.S.C. § 1985

55.     By this reference, plaintiff incorporates each and every allegation and averment set forth in the paragraphs above as though fully set forth herein and further states as follows.

56.     In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to United States Constitution, because of her race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

57.     In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of her constitutional and federal rights in violation of 42 U.S.C. § 1985.

58.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

### FOURTH CLAIM: NEW YORK STATE CONSTITUTION,
### ARTICLE I, §§ 5, 6, 8, 11 & 12

59.     By this reference, plaintiff incorporates each and every allegation and averment set forth in the paragraphs above as though fully set forth herein and further states as follows.

60.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting them and depriving the plaintiff of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every

11

New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) of the New York Constitution.

61.    In addition, defendant officers conspired among themselves and conspired with other individuals to deprive the plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

62.    Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive the plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

63.    Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

## FIFTH CLAIM: OTHER NEW YORK TORTS

64.    By this reference, plaintiff incorporates each and every allegation and averment set forth in the paragraphs above as though fully set forth herein and further states as follows.

65.    The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, trespass, assault and battery, unlawful stop and frisk,

12

unreasonable search and seizure, unreasonable detention, negligence, defamation, conspiracy, special injury, loss of consortium, harassment, tortuous interference, abuse of power, fraud, negligent and intentional infliction of emotional distress and negligent hiring and retention of defendant officers.

66.     Consequently, plaintiff has been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**WHEREFORE**, plaintiff respectfully prays for judgment as follows:

(a)     For compensatory damages against all defendants in an amount to be proven at trial;

(b)     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

(c)     For a permanent full-stay away Order of Protection;

(d)     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

(e)     For such other and further relief as the court deems proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

67.     Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff

demands a trial by jury.

Respectfully submitted,

/S/ RICHARD A. LUTHMANN

Dated:May 11, 2016
        Staten Island, New York

By: RICHARD A. LUTHMANN
LUTHMANN LAW FIRM PLLC
Attorney for Plaintiff
Office and Post Office Address
1811 Victory Boulevard
Staten Island, New York 10314
(718) 447-0003

14